IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

MELVIN F. MATHEWS BERMUDEZ and
LESBIA E. MEDINA BELLO

    Debtor(s)

CASE NO. 24-02219 (ESL)

CHAPTER 13

OPINION AND ORDER

This case is before the court upon the Debtors' amended *Objection to Claim No. 17* filed by Johanna E. Ortiz Rolón *et als.* ("Ortiz-Rolón") (dkt. #81), as amended (dkt. #90); the Debtors' *Objection to Claim Number 18* filed by Carlos González Jorge *et als.* ("González-Jorge") (dkt. #82), as amended (dkt. #91); Ortiz-Rolón's *Motion to Amend Proof[] of Claim [No. 17]* (dkt. #97), the Debtors' opposition thereto (dkt. #103), and Ortiz-Rolón's reply (dkt. #107); and González-Jorge's *Motion to Amend Proof of Claim[] [No. 18]* (dkt. #101), the Debtors' opposition thereto (dkt. #102), and González-Jorge's reply (dkt. #108).

The matters before the court in this *Opinion and Order* are some which permeate in a significant way in the outcome of this case. The claimants mentioned above have also filed objections to the confirmation of the Debtors' proposed Chapter 13 plan and have filed motions to dismiss the case (see, dkts. #73, #74, #87). The same are scheduled for an evidentiary hearing to be held on January 29, 2025, at 10:00 AM. See, *Order and Notice* (dkt. #133).

The court notes that this is the Debtors' third bankruptcy petition. Case No. 20-05018, a chapter 11 petition, was dismissed on January 18, 2022, upon the request of the United States Trustee, pursuant to (i) 11 U.S.C. § 1112(b)(4)(J) for the Debtors' failure to file their disclosure statement and plan within 300 days from the order for relief as required by 11 U.S.C. §§ 1121(e)(2, 3), and (ii) 11 U.S.C. § 1112(b)(4)(F) for the Debtors' failure to timely file operating reports with the court (see, Bankr. Case No. 20-05018, dkt. #84). Less than one month after the first chapter 11 petition was dismissed, the Debtors filed a second Chapter 11 petition, case number 22-00326, which was dismissed on April 26, 2024, upon the Debtors' consent to the

motion to dismiss filed by Banco Popular de Puerto Rico (see, Bankr. Case No. 22-00326, dkt. #111). The present case was filed approximately one month thereafter, on May 28, 2024 (see, dkt. #1). The court notes that the claimants mentioned above did not file proofs of claim in either of the two prior petitions.

The Debtors' objections to proofs of claim nos. 17 and 18, arising from civil tort case nos. 2023-cv-06544 and 2024-cv-01216, are based on their contentions that such claims were not signed, and that the supporting documentation is in the Spanish language. The Debtors in their amended objections renew their arguments and also allege that the amended claims "amend" a non-exiting claim as the originally filed claims were not signed. Debtors further allege that the amended claims introduce new claimants, and thus the same lack standing. The Debtors argue that "claimants have failed to demonstrate and submit with their claim, that they are the legal heirs. No declaration of heirs, nor any other legal document has been submitted to validate that they are the legal heirs" (dkt. #90, ¶28; dkt. #91, ¶28).

Claimants' motions to amend proofs of claim nos. 17 and 18 (dkts. #97, #101) allege the same facts and reasons, that is, that they are suing the Debtors for the wrongful death of a relative, and "in this Chapter 13 case the Movants seek justice for the wrongful death of" such relative (dkt. #97, ¶2; dkt. #101, ¶2). Claimants argue that their motions to amend their respective proofs of claim are "necessary because the Debtors have objected to the Movants' Claim[s] and standing in this Chapter 13 case" and because they are seeking "to clarify the record that they are creditors and have standing in this Chapter 13 case" (dkt. #97, ¶¶3-4; dkt. #101, ¶¶3-4). The amended claims now expressly list all the heirs of their respective estates. Also, "Movants are addressing technical issues with the Third Amended Proof of Claim. There was a glitch in the computer program employed by Attorney Morales Vidal, and therefore, her electronic signature failed to appear on the original Proof of Claim" (dkt. #97, ¶41; dkt. #101, ¶40).

The proofs of claim which are the subject of the contested matters now before this court were filed on July 3, 2024, that is prior to August 6, 2024, the deadline for creditors to file a proof of claim set by this court. As of this date, the amended proofs of claim have both been signed by

claimants' attorney and include an English translation of the state court complaints which serve as basis for the claims. Thus, the grounds for the Debtors' objections to proofs of claim nos. 17 and 18 have been cured by the amended claims. See Proofs of Claim Nos. 17-4 and 18-4.

The key issue is whether the court should allow the filing of the claimants' amended proofs of claim. The legal standard on this matter was addressed by this court in In re Ruiz Martinez, 513 B.R. 779 (Bankr. D.P.R. 2014), where the court held that:

> Creditors may amend their proofs of claims. "Amendments to proofs of claim timely filed are to be freely allowed, whether for purposes of particularizing the amount due under a previously-asserted right to payment, or simply to cure technical defects in the original proof of claim." Woburn Associates v. Kahn (In re Hemingway Transp. Inc.), 954 F.2d 1, 10 (1st Cir. 1992), *cert. denied* 510 U.S. 914, 114 S.Ct. 303, 126 L.Ed.2d 251 (1993). Also see In re Crane Rental Co., 341 B.R. 118, 120 (Bankr. D.Mass. 2006). The decision to grant or deny an amendment to a timely-filed proof of claim rests with the sound discretion of a bankruptcy judge. See Gens v. Resolution Trust Corp. (In re Gens), 112 F.3d 569, 575 (1st Cir. 1997); In re McLean Industries, Inc., 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990); Committee Notes on Fed. R. Bankr. P. 3001 (2011 Amendment I). "Although amendments to proofs of claim should in the absence of contrary equitable considerations or prejudice to the opposing party be freely permitted, such amendments are not automatic." In re W.T. Grant Co., 53 B.R. 417, 420 (Bankr. S.D.N.Y. 1985).
>
> "[N]either the Bankruptcy Code nor the Bankruptcy Rules directly address amendment of a proof of claim". In re Enron Creditors Recovery Corp., 370 B.R. 90, 95 (Bankr. S.D.N.Y. 2007). Also see George M. Cheever and Ronda Winnecour, The Fine Art of Amending Claims in Chapter 13 Cases, 2010 No. 4 Norton Bankr. L. Adviser 2 (2010), p. 1. In In re Hemingway Transp. Inc., the U.S. Court of Appeals for the First Circuit (the "First Circuit") established that when deciding whether to permit an amendment to a proof of claim, bankruptcy courts:
>
> > must scrutinize both the substance of the proposed amendment and the original proof of claim to ensure that the amendment meets three criteria. First, the proposed amendment must not be a veiled attempt to assert a distinctly new right to payment as to which the debtor estate was not fairly alerted by the original proof of claim. Second, the amendment must not result in unfair prejudice to other holders

of unsecured claims against the estate. Third, the need to amend must not be the product of bad faith or dilatory tactics on the part of the claimant. 954 F.2d at 10 (citations omitted.)

In re Ruiz Martinez, 513 B.R. at 784-785.

The broad application of the standard to amend a proof of claim guides the bankruptcy court's discretion to do so. The United States Bankruptcy Appellate Panel of the First Circuit (the "B.A.P") stated in In re Belser, 534 B.R. 228 (B.A.P. 1st Cir. 2015), the following:

It is well established in the First Circuit that amendments to proofs of claim are freely allowed. In re Alonso, 525 B.R. 195, 204 (Bankr. D.P.R. 2015). "Amendments to proofs of claim timely filed are to be freely allowed, whether for purposes of particularizing the amount due under a previously-asserted right to payment, or simply to cure technical defects in the original claim." In re Hemingway Transp., 954 F.2d at 10 (citation omitted). The decision to grant or deny an amendment to a timely filed proof of claim rests with the sound discretion of the bankruptcy court. In re Ruiz Martinez, 513 B.R. 779, 785 (Bankr. D.P.R. 2014) (citations omitted).

In re Belser, 534 B.R. at 243.

Notwithstanding, the liberal application of the standard to allow the filing of amended proofs of claim, courts generally do not allow creditors to amend a debtor-filed proof of claim "when allowing the amendment would be inequitable." In re Green, 2015 WL 2374749, *2 (Bankr. M.D.Fla. 2015), citing In re Marineland Ocean Resorts, Inc., 242 B.R. 748, 756 (Bankr. M.D.Fla. 1999), and Norris Grain Co. v. United States (In re Norris Grain Co.), 81 B.R. 103 (Bankr. M.D.Fla. 1987). See also In re Egan, 526 B.R. 111 (Bankr. S.D.N.Y. 2015) (declining to allow creditor to amend claim filed by debtor on its behalf because allowance would greatly prejudice debtors and jeopardize their reorganization); In re Belser, 534 B.R. at 244.

The amendments to proofs of claim nos. 17 and 18 do not assert any distinct new right to payment, do not result in undue prejudice to the Debtors and, clearly, are not the result of bad faith or dilatory tactics. On the contrary, they clarify the right to payment and meet the requirement that all documents to be considered by the court be in the English language. "It is well settled that the law incontrovertibly demands that federal litigation in Puerto Rico be

-4-

conducted in English", in accordance with 48 U.S.C. § 864. Banco Popular de P.R. v. Santiago-Salicrup, 630 B.R. 374, 378 (D.P.R. 2021), citing Estades-Negroni v. Assocs. Corp. of N. Am., 359 F. 3d 1, 2-3 (1st Cir. 2004). See also 48 U.S.C. § 864 ("All pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language."); L. Civ. R. 5(c) ("All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English…"); P.R. LBR 9070-1(c) ("All Exhibits and documentary evidence in Spanish or other language shall be fully translated to the English language by a certified translator."); In re Bernier, 2022 WL 17096264, at *6-7, 2022 Bankr. LEXIS 3283, at *17-18 (Bankr. D.P.R. 2022) (holding that documents not in the English language should not be considered). The translations do not alter the substance of the pleading. Moreover, the amendments are not inequitable as they now more clearly assert the claimants' claim.

In view of the foregoing, the court GRANTS claimants' motions to amend proofs of claim nos. 17 and 18 (dkts. #97, #101) and DENIES the Debtors' objections to proofs of claim nos. 17 and 18, as amended (dkts. #81, #90, #82, #91).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of October 2024.

Enrique S. Lamoutte
United States Bankruptcy Judge

-5-